UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Plaintiff,

v.       CAUSE NO. 3:21-CV-717-DRL-MGG

JOHNSON, CASTALEW, and HARRIS,

    Defendants.

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a second amended complaint alleging guards at the Miami Correctional Facility did not protect him from attack by a fellow inmate on June 7, 2021. ECF 24. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Upon learning he had been assigned to share a cell with a rival gang member, Mr. Carson alleges he told Lieutenant Harris, Correctional Officer Johnson, and Correctional Officer Castalew about their gang affiliations, that they had previously fought, and that they would fight again because that inmate had warned him to not enter his cell. He alleges none of them did anything to stop him from being moved into that cell. He alleges

Officer Johnson cuffed him and took him to the cell with Officer Castalew. He alleges the other inmate told them there would be fight moments before Mr. Carson was forced into the cell. He alleges five minutes later they fought.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). However, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). In the words of one case:

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by

> Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id*.
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

Here, Mr. Carson has plausibly alleged Lieuenant Harris, Correctional Officer Johnson, and Correctional Officer Castalew had actual knowledge of impending danger posed by being celled with a rival gang member.

For these reasons, the court:

(1) GRANTS Daveaun Carson leave to proceed against Lieutenant Harris, Correctional Officer Johnson, and Correctional Officer Castalew in their individual capacities for compensatory and punitive damages for failing to protect him from attack by a rival gang member on June 7, 2021, when they forced him to move into a cell with that inmate in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lieutenant Harris, Correctional Officer Johnson, and Correctional Officer Castalew at the Indiana Department of Correction, with a copy of this order and the second amended complaint (ECF 24);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Harris, Correctional Officer Johnson, and Correctional Officer Castalew to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 29, 2022                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court