UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

        Plaintiff,

v.                              CAUSE NO. 3:21-CV-717-DRL-JPK

JOHNSON *et al.*,

        Defendants.

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, proceeds "against Lieutenant Harris, Correctional Officer Johnson, and Correctional Officer Castalew in their individual capacities for compensatory and punitive damages for failing to protect him from attack by a rival gang member on June 7, 2021, when they forced him to move into a cell with that inmate in violation of the Eighth Amendment[.]" ECF 25 at 3. The defendants filed a summary judgment motion, arguing Mr. Carson did not exhaust his administrative remedies before filing this lawsuit. ECF 34. Mr. Carson filed a response, and the defendants filed a reply. ECF 42, 43. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the

2

administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The parties agree to certain facts. The offender grievance process requires offenders to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the department grievance manager. ECF 35-1 at 2; ECF 35-2 at 3. On June 8, 2021, Mr. Carson submitted Grievance 129688, complaining the defendants transferred him to an unsafe cell. ECF 35-1 at 5-6; ECF 35-4. On July 28, 2021, the grievance specialist denied Grievance 129688 on its merits. ECF 35-1 at 6; ECF 35-4 at 1.

On August 1, 2021, Mr. Carson submitted a Level I appeal to the warden. ECF 35-1 at 6; ECF 35-5 at 3. On August 5, 2021, the warden denied Mr. Carson's Level I appeal. ECF 35-5 at 3. On August 17, 2021, the warden's response was sent to Mr. Carson. ECF 35-1 at 6. On August 18, 2021, Mr. Carson submitted a Level II appeal to the department grievance manager, which he dated "8-5-2021." ECF 35-1 at 6; ECF 35-5 at 1. The grievance specialist rejected Mr. Carson's Level II appeal on the ground he had improperly backdated the form, as it was dated before he had even received the warden's denial of his Level I appeal. ECF 35-1 at 6-7; ECF 35-5 at 1. Mr. Carson agrees he accidentally wrote the wrong date on his Level II appeal form. ECF 42 at 1. Because both parties agree to these facts, the court accepts them as undisputed.

The parties disagree over whether Mr. Carson timely corrected and resubmitted his Level II appeal form. The offender grievance process provides that, once the grievance office rejects a grievance form, it is the responsibility of the offender to "make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender." ECF 35-2 at 10. The grievance specialist attests Mr. Carson did not correct and resubmit his Level II appeal form within five business days. ECF 35-1 at 7. In his response, Mr. Carson argues he timely corrected and resubmitted his Level II appeal form but received no response from the grievance office. ECF 42. Specifically, Mr. Carson asserts that he submitted a corrected version of his Level II appeal form to his dorm representative Robin Keffer to provide to the grievance office, but never received any response from the grievance office. *Id.* He argues the grievance office made his administrative remedies unavailable by not responding to his corrected Level II appeal form. *Id.* at 2. In their reply, the defendants reiterate the grievance office has no record of ever receiving any corrected Level II appeal form from Mr. Carson. ECF 43.

Here, there is a disputed material fact regarding whether Mr. Carson timely submitted a corrected Level II appeal form to the grievance office. If Mr. Carson did timely submit a corrected Level II appeal form, the grievance office made his administrative remedies unavailable by not responding to this form, and the defendants' summary judgment motion should be denied. If Mr. Carson did not timely submit a corrected Level II appeal form, he did not exhaust his available administrative remedies before filing this lawsuit, and the defendants' summary judgment motion should be

4

granted. Resolving this issue will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless the defendants file a motion requesting it.

For these reasons, the motion for summary judgment (ECF 34) is **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by **February 3, 2023**, the affirmative defense of exhaustion of administrative remedies will be forfeited.

SO ORDERED.

January 17, 2023                                   *s/ Damon R. Leichty*
                                                                Judge, United States District Court